**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| QPSX DEVELOPMENTS 5 PTY LTD., | ) |
| Plaintiff, | ) **CASE NO.:  2:07-CV-118-TJW** |
| | ) |
| v. | ) |
| | ) |
| (1)  CIENA CORPORATION; | ) |
| (2)  ERICSSON, INC.; | ) |
| (3)  UTSTARCOM, INC.; | ) |
| (4)  ZHONE TECHNOLOGIES, INC.; | ) |
| (5)  TELLABS, INC.; | ) **JUDGE WARD** |
| (6)  CARRIER ACCESS CORPORATION; | ) |
| (7)  RAD DATA COMMUNICATIONS, INC.; | ) |
| (8)  NOKIA SIEMENS NETWORKS US LLC; | ) |
|        and | ) |
| (9)  NETWORK EQUIPMENT | ) |
| TECHNOLOGIES, INC. | ) |
| | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

**DEFENDANT CARRIER ACCESS CORPORATION'S ANSWER, DEFENSES AND**
**COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Carrier Access Corporation ("Carrier Access"), for its answer to the First

Amended Complaint filed by QPSX Developments 5 Pty Ltd. ("QPSX") avers as follows:

**PARTIES**

1.     Carrier Access lacks sufficient knowledge to form a belief as to the truth of the

allegations contained in paragraph 1.

2.     Carrier Access lacks sufficient knowledge to form a belief as to the truth of the

allegations contained in paragraph 2.

3.     Carrier Access lacks sufficient knowledge to form a belief as to the truth of the

allegations contained in paragraph 3.

4.     Carrier Access lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4.

5.     Carrier Access lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5.

6.     Carrier Access lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6.

7.     Carrier Access admits the allegations in paragraph 7.

8.     Carrier Access lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8.

9.     Carrier Access lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9.

10.     Carrier Access lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10.

## JURISDICTION

11.     Carrier Access admits that the First Amended Complaint purports to state a cause of action arising under the patent laws of the United States and that such a cause of action confers subject matter jurisdiction upon the Court.  Carrier Access denies the remaining allegations in this paragraph 11 pertaining to Carrier Access.  Carrier Access lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 pertaining to other defendants.

## VENUE

12.     Carrier Access denies the allegations in paragraph 12 pertaining to Carrier Access.  Carrier Access lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12 pertaining to other defendants.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,689,499

13.     Carrier Access admits that Exhibit 1 to the First Amended Complaint purports to be a copy of U.S. Patent No. 5,689,499 entitled "Method and Apparatus for Managing the Statistical Multiplexing of Data in Digital Communication Networks" ("the '499 patent"); and, that the '499 patent recites on its face an issue date of November 18, 1997.  On information and belief, Carrier Access denies that the '499 patent was duly and legally issued.  Carrier Access lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 13 and, therefore, denies these allegations.

14.     Carrier Access denies the allegations in paragraph 14 pertaining to Carrier Access.  Carrier Access lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 14 pertaining to other defendants.

15.     Carrier Access denies the allegations in paragraph 15 pertaining to Carrier Access.   Carrier Access lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15 pertaining to other defendants.

## DEFENSES

16.     Carrier Access does not infringe, induce infringement, or contribute to the infringement of the '499 patent.

17.      The '499 patent is invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102 , 103, and 112.

18.     By reason of the proceedings in the USPTO during the prosecution of the application which resulted in the '499 patent, and by reason of the admissions and representations made therein by or on behalf of the applicants for the '499 patent, plaintiff is

estopped from construing the claims of the '499 patent to cover and/or include any acts of Carrier Access.

19.     QPSX's claims are barred, in whole or in part, by the doctrines of laches and estoppel.

20.     QPSX's claim for damages, if any, against Carrier Access for alleged infringement of the '499 patent is limited by 35 U.S.C. § 286.

21.     Upon information and belief, plaintiff's claim for damages prior to QPSX providing Carrier Access with actual notice of infringement is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

22.     QPSX is not entitled to injunctive relief because any injury to QPSX is not immediate or irreparable, and QPSX has an adequate remedy at law.

## COUNTERCLAIMS

For its counterclaims, Carrier Access alleges as follows:

## THE PARTIES

1.     Counterclaimant Carrier Access Corporation ("Carrier Access") is an entity organized and existing under the laws of Delaware, with its corporate headquarters in Boulder, Colorado.

2.     On information and belief, Counterdefendant QPSX Developments 5 Pty Ltd. ("QPSX") is an entity organized and existing under the laws of Australia, with its principal place of business located at 16 Ord Street, West Perth, Western Australia 6005.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), and 1367 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

4.      This Court has personal jurisdiction over QPSX.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 1400.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

### FIRST CLAIM FOR RELIEF:  DECLARATION OF NONINFRINGEMENT

6.      Carrier Access restates and incorporates by reference each of the allegations of paragraphs 1-5 above of the Counterclaims above, as if fully set forth herein.

7.      Based on QPSX's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether any of Carrier Access' products infringe any claims of the '499 patent.

8.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Carrier Access requests a declaration from the Court that its products do not directly or indirectly infringe any claim of the '499 patent, whether contributorily, by inducement, or otherwise.

### SECOND CLAIM FOR RELIEF:  DECLARATION OF INVALIDITY

9.      Carrier Access restates and incorporates by reference each of the allegations of paragraphs 1-5 above of the Counterclaims above, as if fully set forth herein.

10.     Based on QPSX's filing of the First Amended Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '499 patent.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Carrier Access requests a declaration from the Court that the claims of the '499 patent are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Carrier Access prays for a judgment that:

a.      Dismisses the First Amended Complaint with prejudice;

b.      Declares that Carrier Access has not directly or indirectly infringed the '499 patent;

c.      Declares that the '499 patent is invalid;

d.      Declares that this is an exceptional case under 35 U.S.C. § 285;

e.      Awards Carrier Access its costs and attorneys' fees; and

f.      Awards Carrier Access such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Carrier Access demands a trial by jury of this action.

Dated:  October 30, 2007                    Respectfully submitted,

                                            WILSON, SONSINI, GOODRICH & ROSATI
                                            Professional Corporation


                                   By:    /s/ Jose C. Villarreal
                                          Jose C. Villarreal (Lead Attorney)
                                          jvillarreal@wsgr.com
                                          State Bar No. 24003113
                                          8911 Capital of Texas Highway North
                                          Westech 360, Suite 3350
                                          Austin, Texas 78759-7247
                                          Telephone:  512.338.5400
                                          Facsimile:   512.338.5499

                                          ATTORNEYS FOR DEFENDANT
                                          CARRIER ACCESS CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 30th day of October, 2007.

By:   /s/ Jose C. Villarreal