IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| QPSX DEVELOPMENTS 5 PTY LTD. | § § § | |
| vs. | § § | CASE NO. 2:07-CV-118-CE |
| CIENA CORPORATION, ET AL. | § § | |

# ORDER

Pending before the court is the defendants' motion to stay pending appeal of final rejection in reexamination (Dkt. No. 165). For the reasons discussed below, the court conditionally grants the motion.

In this action, the plaintiff asserts that the defendants, Ericsson Inc. and Tellabs, Inc. (collectively, "the defendants") infringe claims 1–3 of U.S. Patent No. 5,689,499 ("the '499 patent"). QPSX filed this lawsuit in April 2007, with knowledge that the U.S. Patent and Trademark Office ("USPTO") had already initiated a reexamination proceeding for the '499 patent.[1] In November 2007, the USPTO issued an office action in which the examiner rejected claims 1–3 and 11–13 as anticipated. QPSX responded to the office action, arguing that the examiner had improperly rejected the claims. On September 4, 2008, the USPTO issued a final office action, again rejecting claims 1–3 and 11–13 as anticipated. In October 2008, QPSX's counsel met, in person, with a three-examiner panel at the USPTO to discuss the final rejection. At the meeting, QPSX argued to the examiners the reasons why it believed that the final rejection was improper. In November 2008, QPSX filed a Request for Reconsideration of the final rejection, asserting again that the examiner had improperly rejected the claims. With this Request for Reconsideration, QPSX submitted two declarations of its expert, Dr. Edward W.

---

[1] The court also notes that the defendants in the above-titled action did not initiate the reexamination proceedings.

Knightly, who also asserted that the examiner was incorrect. On January 14, 2009, the three examiners at the USPTO concurred in the final rejection of the '499 patent claims. In an advisory action, the USPTO denied QPSX's Request for Reconsideration, indicating that the examiners would not consider any more arguments as to patentability, but rather, QPSX's recourse was to file an appeal with the Board of Patent Appeals and Interferences ("BPAI"). On January 30, 2009, the patentee filed a petition with the supervising patent examiner pursuant to 37 C.F.R. § 1.18(a)(3), requesting the examiner to review the previous decision, denying the submission of the expert's declarations. After the defendants filed the present motion to stay, the supervising patent examiner granted the petition. On March 5, 2009, the USPTO, after reconsidering the late declarations, issued an advisory action denying the request for consideration of final rejection, indicating that "[t]he request for reconsideration in Reexam Response to Final Rejection filed 11/04/2008 has been considered but does not place the application in condition for allowance . . . ." Ex. A to the defendants' reply. In light of the status of the patent, the defendants ask for a stay of these proceedings.

"Courts typically consider three [factors] when deciding whether to stay litigation pending reexamination: '(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set.'" *Biax Corp. v. Fujitsu Computer Sys. Corp. et al.*, 2007 WL 614187 at *1 (E.D. Tex. 2007) (Ward, J.) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

The court has considered the evidence in light of the above factors and concludes that a conditional stay is warranted in this case. The posture of the current reexamination proceedings

concerning the '499 patent is unlike a number of other cases in which this court has denied motions to stay. Here, the claims in suit stand rejected multiple times, by multiple examiners—first, in November 2007; "finally" rejected in September 2008; rejected by a three-examiner panel in January 2009; and again, most recently, on March 5, 2009.

The court concludes that QPSX will not suffer undue prejudice—QPSX has not sought a preliminary injunction in this case, and the evidence suggests that QPSX would not suffer irreparable harm. Furthermore, the defendants waited until after the third rejection to file the present motion. Additionally, because the only claims asserted in this case are involved in reexamination, disposition of the appeal adversely to QPSX will likely resolve the issues in this case—QPSX unequivocally admits that it does not intend to amend the claims at issue. Finally, this case in its preliminary stages—the claim construction hearing is set for July 14, 2010; jury selection is set for November 1, 2010; and discovery is in its preliminary stages.

For all the foregoing, the court conditionally grants the defendants' motion to stay (Dkt. No. 165). As a condition of the stay, each defendant shall enter a stipulation that it will not argue invalidity at trial based on one or more prior art patents and printed publications that were considered in the reexamination proceedings. *See Visto Corp. v. Research in Motion, Ltd., et al.*, Dkt. No. 313, Case No. 2:06-CV-181 (E.D. Tex. July 2, 2008). In the stipulation, each defendant must also agree not to directly or indirectly institute any future reexamination proceeding. The stay shall ensue with the filing by the defendants of a signed copy of the stipulation described herein. pending resolution of an appeal to the Board of Patent Appeals and Interferences. The parties are ordered to notify the court upon occurrence of such event.

SIGNED this 27th day of August, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE